were paid by the borough; and 2, that at the direction of the council, the borough solicitor saw the plaintiff "and tried to get him to reduce his bill to $50, which amount the council were willing to pay." Neither exception is material in view of what has been stated. There is evidence that the agent (referred to as Tom, in above quotation) was instructed by the finance committee to apply to the bank on behalf of the borough, or that his action in so applying, was ratified by the finance committee. It is immaterial whether he was first sent to the bank by the finance committee on behalf of the borough, or whether he went there on the borough's behalf and the borough subsequently received the proposal; in either case there was ample power in the finance committee to receive the proposal, or, later, to ratify what the agent did in obtaining it for the borough.

There is evidence to support the general conclusion of the referee; and we may not inquire further, as the question is not whether we should have found the same way. As the record shows the proposal of the bank was accepted, and that the borough likewise accepted the benefit of plaintiff's services, the liability to pay follows: Jeffreys v. Versailles Borough, 55 Pa. Superior Ct. 85.

Judgment affirmed.

_____

# Wagner v. Lenarth, Appellant.

*Judgments—Opening judgments—Forgery—Evidence — Insufficiency—Judicial discretion.*

A confessed judgment will not be opened to let in the defense of forgery, if the evidence is such that a verdict for defendant could not be sustained by the court in the proper exercise of judicial discretion.

Argued March 6, 1923. Appeal, No. 3, March T., 1923, by defendant, from judgment of C. P. Lackawanna Co., June T., 1921, No. 110, dismissing rule to open judg-

ment in the case of Lee J. Wagner v. Martin Lenarth. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before NEWCOMB, J.

The court discharged the rule in the following opinion:

Judgment d. s. b. ostensibly by confession in defendant's bond. He denies the genuineness of the signature and moves to have the judgment opened to let in the plea of forgery.

But the trouble is with the proof. The overwhelming preponderance of the evidence, both direct and circumstantial, so far outweigh his uncorroborated denial that on the present showing a verdict in his favor could not be permitted to stand; and that is believed to be decisive against the relief asked for.

The motion is accordingly denied and the rule to show cause discharged.

Defendant appealed.

*Error assigned* was the order of the court.

*Charles H. Soper,* for appellant.

*J. H. Price,* of *S. B., C. B. and J. H. Price,* for appellee.

PER CURIAM, March 15, 1923:

The order appealed from is affirmed on the opinion of the court below.